**IN THE DISTRICT COURT IN AND FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**NORMAN LEE WHITAKER II,**
     Plaintiff,

     v.

**SUWANNEE COUNTY
SHERIFF'S OFFICE,
HALFORD HARRIS, JR**,
IN HIS INDIVIDUAL CAPACITY,
**CHRIS FERGUSON**;
IN HIS INDIVIDUAL CAPACITY, AND
**JUSTIN ROBERT STOUT**;
IN HIS INDIVIDUAL CAPACITY,
     Defendants.
_____/

CASE NO.:

Judge:

Magistrate:

## <u>COMPLAINT</u>

COMES NOW, Plaintiff **NORMAN LEE WHITAKER II**, by and through the undersigned attorney and sues Defendants **SUWANNEE COUNTY SHERIFF'S OFFICE; HALFORD HARRIS, JR; CHRIS FERGUSON, AND JUSTIN ROBERT STOUT,** each in their official capacity as Deputy Sheriff's for Suwannee County, Florida, for **Unlawful Detention** and **False Arrest** in violation of 42 USC §1983.

<u>Parties</u>

1. Plaintiff, Norman Lee Whitaker II of 316 Richardson Avenue, Live Oak, FL 3204 is a citizen and resident of the state of Florida in the Middle District of Florida.

2. Defendant, Suwannee County Sheriff's Office is a law enforcement agency of Suwannee County, Florida located in the Middle District of Florida.

3. Defendant, HALFORD HARRIS, JR is a citizen and resident of the state of Florida. At all relevant times, he was employed as a Deputy Sheriff of the Suwannee County Sheriff's Office located in the Middle District of Florida.

4. Defendant, CHRIS FERGUSON, is a citizen and resident of the state of Florida. At all relevant times, he was employed as a Deputy Sheriff of the Suwannee County Sheriff's Office located in the Middle District of Florida.

5. Defendant, JUSTIN ROBERT STOUT, is a citizen and resident of the state of Florida. At all relevant times, he was employed as a

Deputy Sheriff of the Suwannee County Sheriff's Office located in the Middle District of Florida.

Jurisdiction and Venue

1. This Court has jurisdiction to decide the federal question present in this Complaint pursuant to 28 U.S.C. 1331 and 1343.

2. This court has supplemental jurisdiction to decide Plaintiff's pendant state law claims pursuant to 28 U.S.C. 1367(a) because it is the federal district in which all of the events or omissions establishing the Plaintiff's claims occurred or failed to occur, and Plaintiff and Defendants are all subject to the personal jurisdiction of the Middle District of Florida.

General Allegations

1. On or about February 6th 2023, the Defendant, Harris Halford, conspired with the other Defendants, Chris Ferguson and Justin Robert Stout, in their capacities as officers and employees of the Suwannee County Sheriff's Office, to falsely arrest and detain the Plaintiff, Norman Whitaker.

2. Mr. Halford stated in his report that an unspecified "credible source" informed him that Mr. Whitaker was en route to Live Oak after supposedly acquiring an unspecified amount of cocaine.

3. This unspecified and therefore non-credible source also supposedly claims that Mr. Whitaker "frequently" makes these trips.

4. The non-credible and unverified source also supposedly told Mr. Halford the color, make and model of Mr. Whitaker's car.

5. After supposedly receiving this information, Mr. Halford met with Investigator Ferguson and Cpl Stout and the three men conspired to apprehend Mr. Whitaker before he arrived home.

6. Cpl Stout pulled Mr. Whitaker over, based solely on this unverified information as well as a "suspicion" that Mr. Whitaker tried to avoid him earlier in the night.

7. Mr. Halford later arrived and requested that Mr. Whitaker leave the vehicle, which he did.

8. K9 unit Hondo arrived and began an exterior air search. Hondo exhibited a "positive" alert near the driver's side door.

9. Mr. Halford and Mr. Stout then began searching the vehicle, while Mr. Ferguson stayed with Mr. Whitaker.

10.   Halford and Stout found nothing on their first search of the vehicle.

11.   Ferguson then approached the two other officers and allegedly told them that Mr. Whitaker seemed more nervous at the front of the vehicle than the back.

12.   Halford and Stout then switched sides of the vehicle, at which point Cpl Stout allegedly "discovered" a white substance 15 grams in weight that supposedly yielded positive results for cocaine.

13.   During the search, the officers also discovered US currency in the amount of $6,880.00, which they confiscated.

14.   This substantial amount of money was meant by Mr. Whitaker to be used to pay his various medical bills, which he has due to various medical maladies.

15.   Later, it was ruled in a county court that there was no admissible evidence by which to prosecute Mr. Whitaker and the case was dismissed.

16.   Mr. Whitaker was subsequently released from custody.

17.   As the Suwannee County Sheriff's Office did not press charges, the white substance that "yielded positive results for cocaine"

must not have been cocaine. That, or it became evident that the substance recovered did not in fact belong to Mr. Whitaker.

## Count I
## Wrongful Arrest and Defamation
**HALFORD HARRIS, JR**,

18.   Plaintiff reaffirms and reasserts paragraphs 1 through 17 as if fully set forth herein.

19.   When law enforcement pulled him over on dubious grounds, Mr. Whitaker complied with law enforcement without objection, as he had nothing to hide.

20.   Along with an unidentified white substance that did not belong to Mr. Whitaker, law enforcement then apprehended the money required for his medical bills.

21.   The car Mr. Whitaker was driving, which was not his, but his mother's, was also apprehended, though the car was later released back into his mother's custody.

22.   Following his arrest, Mr. Whitaker's picture was shown on a local news network, incorrectly stating the charge he was arrested for.

23.  Since this arrest under false charges was announced to the public via a media outlet without Mr. Whitaker's consent, irreparable damage has been done to Mr. Whitaker's reputation in his hometown.

24.  When Mr. Whitaker was eventually released from custody, the money, which was Mr. Whitaker's lawful property was not released to him.

25.  Since the money was not returned and also due to the damage done to Mr. Whitaker's reputation, the Plaintiff seeks payment of $6,880.00.

WHEREFORE, Plaintiff respectfully requests that enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including attorney's fees and costs in this action.

**COUNT II**
**FALSE ARREST**
**IN VIOLATION OF 42 USC §1983**
**SUWANNEE COUNTY**

26.

27.  Plaintiff reaffirms and reasserts paragraphs 1 through 42 as if fully set forth herein.

28.  Defendant, **SUWANNEE COUNTY**, failed to train its officers in basic US Constitutional freedoms of citizens to be free from be compelled to identify themselves to law enforcement in the absence of reasonable articulable

suspicion of criminal activity such that violation of clearly establish law would likely result and did result from Volusia County's failure to train its Beach Safety Patrol law enforcement officers.

29. Law enforcement officers in the Volusia County Beach Safety Patrol were inadequately trained concerning the offense of Giving a False Name, where the arresting officers knew that Mr. Celico did not provide any name and did not violate 901.36 Fla. Stat. (2020) or any other law.

1) Here, Volusia County not only failed to train its officers but in fact had a contrary policy and custom of allowing law enforcement to unlawfully compel citizens to identify themselves by their names in all levels of police-citizen encounters despite clearly established law to the contrary such as that found in *Whyte v. State,* 940 So. 2d 1174 (Fla. 2d DCA 2006).

2) Each of the individual law enforcement officers involved in the arrest of Mr. Celico enunciated this unlawful policy that violated clearly established law.

3) Under *Monell*, a municipality can be liable for an officer's actions when the officer's actions violated a plaintiff's constitutional rights, and the violation was caused by the municipality's failure to train or supervise the officer.

4) Here, Volusia County failed to train Ofc. Andrews, Ofc. Melhorn, Stg. Rodriguez, Det. Strang, and Captain Mike.

5) The defendant's conduct deprived the plaintiff of his rights, privileges, or immunities guaranteed under federal law or the constitution; namely his

right to due process of law and his right to be free from unreasonable and unjustified criminal prosecutions under 42 USC §1983.

6)  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant and grant all other relief that is reasonable and just including, attorney's fees and costs in this action.

Dated this 5th day of November, 2024.

Respectfully submitted,

/s/ *David Lee Ham, Jr.*

David Lee Ham, Jr.
Attorney for Plaintiff
The Law Offices of David Lee Ham, Jr., PA
301 W Bay Street, Suite 1469
Jacksonville, FL 32022
(904) 307-3888
david@hamlawfl.com
attyham@gmail.com